# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# TRENTON DIVISION

| | |
|---|---|
| Marion Lupo<br>7A Independence Park Way<br>Whiting, NJ 08759<br><br>     Plaintiff,<br><br>v.<br><br>GC Services Limited Partnership<br>c/o CT Corporation System, Registered Agent<br>350 North St Paul St<br>Dallas, TX 75201<br><br>     Defendant. | Case No.:<br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around February 17, 2009, Defendant sent Plaintiff written notice of Plaintiff's opportunity to dispute the validity of the debt pursuant to 15 U.S.C. 1692g.

8. On or around February 20, 2009, Plaintiff sent Defendant a letter via certified mail in which Plaintiff disputed the debt and requested verification of the debt.

9. Defendant received Plaintiff's letter on or around February 25, 2009.

10. Despite receipt of Plaintiff's letter, Defendant sent Plaintiff a letter on or around March 4, 2009 without validating the alleged debt.

11. Despite receipt of Plaintiff's letter, Defendant sent Plaintiff a letter on or around March 18, 2009 without validating the alleged debt.

12. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

13. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

14. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

15. Defendant violated 15 U.S.C. §1692c in that it communicated with Plaintiff notwithstanding its receipt of written cease and desist instructions.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692g by continuing its efforts to collect the debt without first validating the debt pursuant to Plaintiff's written request.

## JURY DEMAND

20. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

21. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: */s/ Alana M. Carrion*
Alana M. Carrion
17 Academy Street, Suite 615
Newark, NJ 07102
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: axc@legalhelpers.com
*Attorney for Plaintiff*